LAW OFFICES OF LES ZIEVE
DANIEL I. SINGER, ESQ. #227907
JENNIFER A. BENDER, ESQ. #244478
18377 Beach Blvd., Suite 210
Huntington Beach, CA 92648
Phone: (714) 848-7920
Facsimile: (714) 794-1779
Email: bankruptcy@zievelaw.com

Counsel for Movant

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| In re<br><br>Dean Gregory Asimos,<br><br>              Debtor.<br>_____<br><br>Deutsche Bank National Trust Company, as trustee for DSLA Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2006-AR2, its assignees and/or successors in interest,<br><br>              Movant,<br>vs.<br><br>Dean Gregory Asimos,<br>David Burchard, Trustee,<br><br>              Respondents.<br>_____ | Case No.: 11-13214<br><br>RS No. JAB10726<br><br>CHAPTER 13<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>**HEARING:**<br><br>Date: December 6, 2012<br>Time: 9:00 a.m.<br>Place: 99 South "E" Street<br>          Santa Rosa, CA 95404 |

    Deutsche Bank National Trust Company, as trustee for DSLA Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2006-AR2, its assignees and/or successors in interest ("Movant"), moves the Court for relief from the automatic stay provided by 11 U.S.C. § 362 as in moving party and the Trustee under the Deed of Trust securing Movant's claim so that Movant and its Trustee may commence and continue all acts necessary to foreclose under the Deed of Trust secured by Debtor's real property generally described as 1040 East Macarthur Street, Sonoma, California 95476.

The loan secured by the Deed of Trust is currently being serviced by Ocwen Loan Servicing, LLC.  On or about August 29, 2011, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code.  As a result of said filing, certain acts and proceedings against Debtor and the bankruptcy estate are stayed as provided in 11 U.S.C. § 362.  Movant moves this Court for relief from stay under 11 U.S.C. § 362(d)(1) and 362(d)(2).

**Factual Background**

On or about July 31, 2006, Chris Asimakopoulos and Helen Asimos ("Borrowers") for valuable consideration, made, executed and delivered to Downey Savings and Loan Association, F.A.("Lender") a Note in the principal sum of $650,000.00 ("Note").  Pursuant to the Note, Borrowers are obligated to make monthly principal and interest payments commencing October 1, 2006, and continuing until September 1, 2046, when all outstanding amounts are due and payable.  The Note provides that in the event of default the holder of the Note has the option of declaring all unpaid sums immediately due and payable.  A true and correct copy of the Note is attached to the Declaration of Ana L. Rodriguez in Support of Motion for Relief from the Automatic Stay as Exhibit "1" and incorporated herein by reference.

On or about July 31, 2006, Borrowers made, executed and delivered to Lender a Deed of Trust ("Deed of Trust") granting Lender a security interest in the real property commonly described as 1040 East Macarthur Street, Sonoma, California 95476 ("Property"), which is more fully described in the Deed of Trust.  The Deed of Trust was recorded on August 8, 2006, in the Official Records of Sonoma County, State of California.  The Deed of Trust provides that attorneys' fees and costs incurred as a result of a bankruptcy case may be included in the outstanding balance under the Note.  A true and correct copy of the Deed of Trust is attached to the Declaration of Ana L. Rodriguez in Support of Motion for Relief from the Automatic Stay as Exhibit "2" and incorporated herein by reference.

Subsequently, all beneficial interest in the Deed of Trust was then sold, assigned and transferred to Movant.  A true and correct copy of the Assignment of Deed of Trust is attached to the Declaration of Ana L. Rodriguez in Support of Motion for Relief from the Automatic Stay as Exhibit "3" and incorporated herein by reference.

On or about August 2, 2006, Borrowers executed a Grant Deed whereby the Property was transferred from Borrowers to Helen Asimos, Trustee of the Helen Asimos Revocable Trust dated April 7, 2004 ("Asimos Trust").  The Grant Deed was recorded on January 10, 2007, in the Official Records of Sonoma County, State of California.  A true and correct copy of the Grant Deed is attached to the Declaration of Ana L. Rodriguez in Support of Motion for

Relief from the Automatic Stay as Exhibit "6" and incorporated herein by reference.

Debtor Dean Gregory Asimos ("Debtor") became the Sucessor Trustee of the Asimos Trust following Helen Asimos' death on December 25, 2006. A true and correct copy of the Affidavit of Death of Trustee is attached to the Declaration of Ana L. Rodriguez in Support of Motion for Relief from the Automatic Stay as Exhibit "7" and incorporated herein by reference.

On November 1, 2011, Movant and Debtor entered into a Loan Modification Agreement. A true and correct copy of the Loan Modification Agreement is attached to the Declaration of Ana L. Rodriguez in Support of Motion for Relief from the Automatic Stay as Exhibit "4" and incorporated herein by reference. Under the terms of the Loan Modification Agreement, the pre-petition and post-petition arrears were added to the principal balance of the loan.

## Memorandum of Points and Authorities

### I.
### MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1).
### CAUSE - FAILURE TO MAKE POSTPETITION PAYMENTS

11 U.S.C. § 362(d)(2) provides that relief from the automatic stay shall be granted for "cause." As set forth in *In re Ellis*, 60 B.R. 432 (B.A.P. 9th Cir. 1985), failure to make post-petition payments can constitute cause for terminating the automatic stay.

Here, twelve (12) post-petition payments have come due on the Note since November 1, 2011 through October 1, 2012. See Declaration of Ana L. Rodriguez in Support of Motion for Relief from the Automatic Stay, ¶ 9, Exhibit "5." To date, only three (3) of the said payments have been received by Movant in good funds. *Id.* Thus, as of October 1, 2012, Debtor owes post-petition payments on the Note in the total amount $26,072.28, in addition to the payment that came due on November 1, 2012. *Id.* at ¶¶ 8-9. Based on Debtor's failure to make the required post-petition payments, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

### II.
### MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(2).
### NO EQUITY

11 U.S.C. § 362(d)(2) provides that relief from the automatic stay shall be granted if the debtor does not have any equity in the property and the property is not necessary to the debtor's

effective reorganization.

In *In re San Clemente Estates*, 5 B.R. 605, 610 (Bankr. S.D. Cal. 1980), the court stated that "[s]ection 362(d)(2) reflects Congressional intent to allow creditors to immediately proceed against the property where the debtor have no equity and it is unnecessary to the reorganization, even where the debtor can provide adequate protection under Section 362(d)(1)."

In *In re Mikole Developers, Inc.*, 14 B.R. 524, 525 (Bankr. E.D. Pa. 1981) (citation omitted), the court stated that "[i]n determining whether an 'equity cushion' exists in the subject property, all encumbrances are totaled, whether or not all the lienholders have joined in the request for relief from the stay." The Ninth Circuit has concurred with this view in *Stewart v. Gurley*, 745 F.2d 1194 (9th Cir. 1984).

An appropriate cost of sale factor should also be added to determine if the debtor has any equity in the property. La Jolla Mortgage Fund v. Rancho El Cajon Associates, 18 B.R. 283, 289 (Bankr. S.D. Cal. 1982).

According to Debtor's Schedule A and Schedule D, the Property is worth $607,600.00. True and correct copies of Debtor's Schedules A and Schedule D are collectively attached to the Declaration of Ana L. Rodriguez in Support of Motion for Relief from the Automatic Stay as Exhibit "8" and incorporated herein by reference. According to Debtor's Schedule D, the total amount of Movant's claim is $764,872.80. In addition to Movant's Deed of Trust, Debtor's Schedule D indicates that there is an additional lien encumbering the Property in the amount of $125,000.00. See Declaration of Ana L. Rodriguez in Support of Motion for Relief From Automatic Stay, Exhibit "8." Based on the above, Movant maintains that after factoring in the cost of sale of the Property, there is little or no equity in the Property for the bankruptcy estate to provide adequate protection to Movant. As a result, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

### III.
### MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1).
### CAUSE - LACK OF ADEQUATE PROTECTION

Pursuant to the provisions of 11 U.S.C. § 361 and § 362(d)(1), Movant is entitled to adequate protection of its interest in the Property.

Movant submits that adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this Motion. Movant is informed and believes that Debtor is presently unwilling or unable to provide adequate

protection to Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

By reason of the foregoing, Movant is entitled to relief from stay under 11 U.S.C. 362(d)(1), based upon the failure of Debtor to provide adequate protection to Movant.

WHEREFORE, Movant respectfully prays for an Order of this Court as follows:

1. Terminating the automatic stay of 11 U.S.C. § 362, as it applies to the enforcement by Movant of all of its rights in the Property under the Note and the Deed of Trust;

2. That the 14-day stay set forth in Federal Rule of Bankruptcy Procedure 4001(a)(3) be waived;

3. Granting Movant leave to foreclose on the Property and to enforce the security interest under the Note and the Deed of Trust, including any action necessary to obtain possession of the Property;

4. Permitting Movant to offer and provide Debtor with information regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtor;

5. Alternatively, in the event this Court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring Debtor to reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust and all other deeds of trust encumbering the Property, including Debtor's obligations to pay when due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtor in order to protect Movant's interest in the Property, including all attorneys' fees and costs incurred in the filing of this Motion;

6. That the attorneys' fees and costs incurred by Movant for filing this Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and

7. For such other and further relief as the Court deems just and proper.

DATED: November 16, 2012     **LAW OFFICES OF LES ZIEVE**

/s/ Jennifer A. Bender
_____
By: Jennifer A. Bender
Counsel for Movant Deutsche Bank National Trust Company, as trustee for DSLA Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2006-AR2