SCOTT J. SAGARIA (BAR # 217981)
JOE ANGELO (BAR # 268542)
SAGARIA LAW, P.C.
333 West San Carlos Street, Suite 620
San Jose, CA 95110
408-279-2288 ph
408-279-2299 fax

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA DIVISION

| | |
|---|---|
| In Re:<br><br>DEAN GREGORY ASIMOS,<br><br>        Debtor. | Case No.: 11-13214-AJ<br><br>Chapter 13<br><br>**DECLARATION OF DEAN ASIMOS**<br><br>Date: **January 10, 2013**<br>Time: **10:00am**<br>Location: 99 South "E" Street<br>             Santa Rosa, CA 95404<br><br>Judge: Hon. Alan Jaroslovsky |

I, Dean Asimos, declare as follows:

1. I am the debtor in the case referenced above.
2. I filed my current chapter 13 bankruptcy on August 29, 2011.
3. This declaration is made in response to the relief from stay that was filed by my lender, Ocwen Loan Servicing, LLC.
4. I live at 1040 East MacArthur Street, Sonoma, CA 95476 (hereinafter "MacArthur").
5. The MacArthur residence belonged to my mother, Helen Asimos, until she passed away in December of 2006.
6. I inherited MacArthur as part of the distribution of her estate.
7. My father, Chris Asimokopoulos, is on the loan, but not the title, to the MacArthur property.
8. In late 2009/early 2010, I began negotiating with Ocwen Loan Servicing, LLC, the lender on the MacArthur property, in order to try and obtain a modification of the current loan.

DECLARATION OF DEAN ASIMOS - 1

Case: 11-13214    Doc# 55    Filed: 01/07/13    Entered: 01/07/13 19:32:03    Page 1 of 3

9. In my conversations with Ocwen regarding the loan modification I was informed that because my father was also associated with the mortgage his financial situation was also being reviewed to determine whether the loan qualified for a modification.
10. It was suggested that my father file a personal bankruptcy, under chapter 7, in order to discharge his unsecured debts and become a more attractive candidate for a modification.
11. On March 4, 2011, my father filed for chapter 7 bankruptcy in the Northern District of California, San Francisco Division, Case Number 11-30879.
12. On March 9, 2011, I received a "Streamlined Loan Modification" information packet from Ocwen. **(A true and correct copy is attached as Exhibit A)**
13. I was informed by an individual working at Ocwen that I should not file for bankruptcy during the pendency of my father's chapter 7 filing if I wanted to increase my chances of obtaining a modification.
14. After my father's chapter 7 bankruptcy closed I reapplied for a modification with Ocwen.
15. On June 29, 2011 I received a denial letter indicating that I was not eligible for a modification due to an alleged failure to submit the required documents. **(A true and correct copy is attached as Exhibit B).**
16. I immediately called Ocwen and was informed that I was still able to reapply for a modification and I did so in July of 2011.
17. On July 27, 2011, I received a letter from Ocwen indicating that the most recent modification application had been approved, subject to certain conditions outlined in the paperwork. **(A true and correct copy is attached as Exhibit C)**
18. I agreed to accept the terms of the modification on August 16, 2011 that was offered by Ocwen and returned the appropriate paperwork before the due date of September 1, 2011.
19. Given that the modification was approved I was given assurances that if I were to re-file my chapter 13 the modification agreement would not be adversely impacted or negatively effected in any way.
20. Based upon those representations, I re-filed for chapter 13 protection on August 29, 2011.
21. My real estate income was not improving as originally anticipated, and I knew that I would experience some financial difficulties in 2012.
22. I wanted to be proactive about working with Ocwen regarding the loan, and given my past experience, I applied for another loan modification while still current with the monthly mortgage payments.

23. I applied for the most recent loan modification in either May or June of 2012.
24. I completed the paperwork that was required by Ocwen and was offered, in August of 2012, another modification on the loan for my primary residence **(A true and correct copy is attached as Exhibit D)**.
25. The paperwork that I received regarding the modification indicated that I was to make several trial payments before the loan modification would become final.
26. I made my first trial payment under the proposed terms of the new modification in the amount of $1,774.82 on November 7, 2012 by wire transfer. **(A true and correct copy is attached as Exhibit E).**
27. I spoke with an Ocwen representative about the first trial payment being made in November of 2012 instead of October 2012 and was told so long as the funds were received the trial period would remain in place.
28. I made my second trial payment on December 13, 2012 by wire transfer. **(A true an correct copy is attached as Exhibit F).**
29. I plan on making my third and final trial payment in January of 2013.
30. At no time did I ever receive a denial letter from Ocwen Loan Servicing, LLC or receive any other notification that my loan modification was denied.
31. I have never received a denial letter from Ocwen Loan Servicing, LLC or any other entity regarding my loan modification.
32. I am familiar with the style and content of the denial letter and nothing similar to **Exhibit B** has been sent by Ocwen since the trial modification was offered.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 7, 2013           /s/ *Dean Gregory Asimos*
                                 Dean Gregory Asimos
                                 Debtor/Declarant