1 | C. Todd Norris, SBN 181337
   Arlena V. Carrozzi, SBN 250116
2 | BULLIVANT HOUSER BAILEY PC
   601 California Street, Suite 1800
3 | San Francisco, California 94108
   Telephone: 415.352.2700
4 | Facsimile: 415.352.2701

5 | Attorneys for Non-Party Jason Everett Thompson

6

7

8

9 |                IN THE UNITED STATES BANKRUPTCY COURT

10 |                 NORTHERN DISTRICT OF CALIFORNIA

11 |                        SANTA ROSA DIVISION

12 | In re:                              | Chapter 13

13 | ASIMOS, DEAN GREGORY,                | Case No.: 11-13214-AJ

14 |              Debtor.                 | **OBJECTION TO DEBTOR'S
                                           REQUEST FOR DISMISSAL;**
15 |                                     | **REQUEST FOR OPPORTUNITY TO
                                           BE HEARD; DECLARATION OF**
16 |                                     | **TODD NORRIS IN SUPPORT
                                           THEREOF;**
17

18

19 |      Non-Party Thompson ***hereby objects*** to Debtor Asimos Dean Gregory's Request for

20 | Dismissal and requests an opportunity to be heard on the matter.

21 |                   **DECLARATION OF TODD NORRIS**

22 |      I, Todd Norris, declare:

23 |      1.  I am an attorney with Bullivant Houser Bailey PC, counsel of record for Non-

24 | Party Jason Everett Thompson.  I am licensed to practice law in the Courts of the State of

25 | California, and a member in good standing of the California bar and am admitted to practice

26 | in the U.S. District Court for the Northern District of California.  I have personal knowledge

Page 1–

of the facts stated herein and if called upon, I could and would competently testify to the matters stated herein.

2. Counsel for Non-Party Jason Everett Thompson only learned about Debtor's request to dismiss this action by chance, late afternoon on September 19, 2013. No Notice of the Motion to Dismiss was ever served on Thompson.

3. If given an opportunity to be heard, the evidence will show that the Debtor has actively concealed matters from this Court and concealed this Bankruptcy from the Superior Court of San Francisco, in addition to concealing the Bankruptcy from Non-Party Jason Everett Thompson during discovery of the action entitled *Thompson v. Asimos,* San Francisco Superior Court Case No. CGC-11-514980 ("the San Francisco Action"). The evidence will also show that Debtor has misrepresented his gross income to this Court.

4. I represented Thompson in all phases of the San Francisco Action, including trial. This Court, having previously granted relief from the stay with respect to the San Francisco Action, a judgment in the San Francisco Action was entered in favor of Thompson and against Debtor on August 23, 2013, following a court trial of the matter. That judgment will ultimately exceed well over $450,000 (after attorneys fees are added). A true and correct copy of the Judgment is attached hereto as **Exhibit A.**

5. Debtor Dean Gregory Asimos filed a voluntary petition for Chapter 13 Bankruptcy in this Court on or about August 29, 2011, the Amended Chapter 13 Plan for which was confirmed by this court on March 2, 2012. Despite being asked specifically about all assets, contingent claims and receivables belonging to him, Debtor failed to notify this Court that he had in fact entered into a Settlement Agreement on May 25, 2011 in yet another lawsuit ("the Contra Costa Action") for an amount well in excess of $100,000 to which Debtor claimed entitlement. ***Thus, it is reasonable to conclude that Debtor's verified petition filed in this Court was false when made.*** The settlement funds from the Contra Costa Action (in excess of $100,000) are presently still being held in trust by the former

Page 2–

1 counsel for Debtor and Non-Party Thompson, pending resolution of a dispute between

2 Debtor and Thompson, which dispute was the subject of the San Francisco Action that was

3 tried in October 2012.

4       6. Non-party Jason Everett Thompson filed the San Francisco Action against

5 Debtor Dean Gregory Asimos on October 11, 2011. Debtor failed to notify this Court about

6 the San Francisco action, despite filing his own claims against Thompson in that action.

7 (Thompson later notified the Trustee and this Court upon his discovery of the Bankruptcy,

8 nearly one year later.)

9       7. Moreover, on February 15, 2012, Debtor actively concealed this bankruptcy

10 from the Superior Court and from Thompson when his counsel failed to disclose it in

11 response to question numbers 12 and 13 of his case management conference statement,

12 asking Debtor to disclose any bankruptcy or related cases. Attached hereto as **Exhibit B** is a

13 true and correct copy of Debtor's Case Management Conference Statement, filed in the San

14 Francisco Action.

15       8. In addition, during discovery in the San Francisco Action, Thompson

16 requested bankruptcy documents from Debtor, if any. Debtor neither objected to the request

17 nor produced any responsive documents that would have revealed debtor's bankruptcy,

18 thereby further actively concealing it from Thompson. Attached here as **Exhibit C** is a true

19 and correct copy of the Requests for Production, Request Nos. 48 and 49.

20       9. Debtor also filed counterclaims against non-party Jason Everett Thompson in

21 the San Francisco Action. A true and correct copy of the Cross Complaint is attached hereto

22 as **Exhibit D**. At trial, Asimos' counsel argued that he was entitled to recover $100,000

23 against Mr. Thompson. Separate and apart from the proceeds in the Contra Costa Action,

24 Debtor failed to disclose his alleged claims against Thompson in the San Francisco Action,

25 claims that debtor contended would amount to $100,000.

26       10. For nearly a full year in the San Francisco Action, in reliance on Debtor's

Page 3–

1  failure to disclose any bankruptcy proceedings, Thompson proceeded to litigate the San

2  Francisco Action, until the eve of trial and the close of discovery, when finally under oath at

3  his deposition (less than 30 days before trial), Debtor admitted to Thompson's attorney that

4  he had filed for Bankruptcy.  Upon learning of the Bankruptcy, Thompson's attorney

5  immediately notified the Bankruptcy Trustee about the San Francisco Action as well as the

6  aforementioned proceeds in excess of $100,000 from the Contra Costa Action.  Ultimately, a

7  relief from stay was stipulated to and obtained so that the San Francisco Action could

8  proceed to trial, the matter having already been litigated for a year and through the close of

9  discovery.

10        11. On August 29, 2011, in his Statement of Financial Affairs for his petition,

11  Debtor represented that his gross income was $55,125 for 2011; $72,495 for 2010; and

12  $51,153 for 2009 (Docket No. 1, p. 27).  Yet, Debtor admitted at trial of the San Francisco

13  Action that his gross income was in fact $135,000 for 2010 and $125,000 for 2011.  Attached

14  hereto as **Exhibit E** is a true and correct copy of pages 1, 22 and 23 of the Reporters

15  Transcript of Proceedings for October 12, 2012 in the trial of the San Francisco Action.

16        12. It is apparent that Debtor actively concealed the more than $100,000 held in

17  trust by the parties' former counsel and concealed his claims against Thompson in the San

18  Francisco Action in the hopes he would prevail and obtain a judgment in excess of $100,000.

19  Having lost at trial, however, it is now apparent that Debtor would like have his Bankruptcy

20  petition dismissed, so that he may re-file it, this time disclosing the San Francisco Action for

21  the purpose of having the judgment discharged.  Debtor, however, should not be permitted to

22  "wait and see" as to whether a lawsuit turns into a large asset or, as occurred here, a large

23  liability, before deciding to bring the matter within the reach of the Bankruptcy Court.

24        13. Thompson objects to any dismissal that might be without prejudice or without

25  a bar to any further Bankruptcy petitions that might include the Judgment entered in the San

26  Francisco Action on the ground that Debtor has committed a fraud on this Court, (a) having

Page 4–

1   fraudulently concealed the San Francisco Action from this Court until the eve of trial, (b)

2   having misrepresented to this Court the existence of claimed assets, including Debtor's

3   alleged claims against Thompson and the more than $100,000 in proceeds from the Contra

4   Costa Action to which Debtor still maintains entitlement (even after entry of an adverse

5   judgment); and (c) having misrepresented his income to this Court.

6        14.   Moreover, having concealed his Bankruptcy from Thompson who then

7   litigated the San Francisco Action to the eve of trial unaware of Debtor's Bankruptcy, Debtor

8   should not now be given a second bite at the apple to try to escape Thompson's judgment,

9   having decided to wait and see whether he or Thompson would prevail at trial in the San

10  Francisco Action.

11       I declare under penalty of perjury under the laws of the State of California that the

12  foregoing is true and correct.  Executed this 19th day of September 2013 at San Francisco.

By   _____
C. Todd Norris

16  ///

17

18  14306542.1

Page 5—

# EXHIBIT A

ENDORSE
FILED
San Francisco County Superior Court

AUG 23 2013

CLERK OF THE COURT
BY: VICKI MACK
Deputy Clerk

JUN 3 1 2013

1  C. Todd Norris, SBN 181337
2  BULLIVANT HOUSER BAILEY PC
   601 California Street, Suite 1800
3  San Francisco, California 94108
   Telephone: 415.352.2700
4  Facsimile: 415.352.2701
   E-Mail: todd.norris@bullivant.com

5

6  Attorneys for Plaintiffs/Cross-Defendants
   JASON EVERETT THOMPSON and WIRED REAL
7  ESTATE GROUP, INC.

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF SAN FRANCISCO

10

11 JASON EVERETT THOMPSON and WIRED          Case No.: CGC-11-514980
   REAL ESTATE GROUP, INC.,
12                                            W P D [AMENDED PROPOSED] JUDGMENT
            Plaintiffs,                            FOR MONEY DAMAGES,
13                                            W P D DECLARATORY RELIEF AND
       v.                                         PERMANENT INJUNCTION
14
   DEAN GREGORY ASIMOS, dba DRAKE
15 REALTY,

16          Defendant.

17                                            Trial Date:    October 9, 2012
   AND RELATED CROSS-ACTION.
18

19         Following a court trial on the above-entitled actions and entry of the Court's Statement

20 of Decision on May 30, 2013, the Court hereby orders entry of judgment as follows:

21         **IT IS HEREBY ORDERED ADJUDGED AND DECREED:**

22         Judgment is hereby entered in favor of Plaintiff Jason Everett Thompson and against

23 Defendant Dean Gregory Asimos in the principal sum of $311,100.00 (Astound damages);

24         Plus $250 (token damages for service mark infringement);

25         Plus prejudgment interest (on the principal amount of $311,100) in the amount of

26 $138,688 (10% per annum over a period of 4.458 years, beginning December 31, 2008 and

27 ending June 15, 2013);

28         Plaintiff is to recover his costs of suit and attorneys fees to be determined on noticed

14218903.1                              – 1 –
                                 [AMENDED PROPOSED] JUDGMENT

1    motion;

2         Cross-Defendant Defendant Dean Gregory Asimos is to take nothing against cross-

3    defendants on his cross-complaint and must bear his own costs of suit, including attorney fees.

4         **IT IS SO ORDERED, ADJUDGED AND DECREED.**

5

6    DATED: _____ AUG 2 2 2013

7

8

9                                   WALLACE P. DOUGLASS
                                    ─────────────────────────
10                                  Hon. Wallace P. Douglass
                                    Judge of the Superior Court
11
                                         *****
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14218903.1                              ─2─
                          [AMENDED PROPOSED] JUDGMENT

# EXHIBIT B

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jessica R. Barsotti, SBN 209557<br>5032 Woodminster Lane<br>Oakland, CA 94602<br>TELEPHONE NO.: 510-530-4078   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Dean Asimos | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center

PLAINTIFF/PETITIONER: Jason Everett Thompson, et al

DEFENDANT/RESPONDENT: Dean Asimos, et al

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| (Check one): ☑ UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | ☐ LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | CGC-11-514980 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: March 9, 2012    Time: 9:00am    Dept.:    Div.:    Room: 610

Address of court (if different from the address above):

☑ Notice of Intent to Appear by Telephone, by (name): Jessica R. Barsotti

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. ☑ This statement is submitted by party (name): Dean Asimos
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ The complaint was filed on (date):
   b. ☑ The cross-complaint, if any, was filed on (date): 12/31/11

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint ☑ cross-complaint (Describe, including causes of action):
      Breach of contract. Asimos was the real estate broker of record for Wired Real Estate Group and Jason Everett Thompson was an agent under Asimos' license. After parting ways the two parties dispute transactions.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | CASE MANAGEMENT STATEMENT | Cal. Rules of Court,<br>rules 3.720–3.780<br>www.courts.ca.gov |
|---|---|---|

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: Jason Everett Thompson, et al | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Dean Asimos, et al | CGC-11-514980 |

4.  b.  Provide a brief statement of the case, including any damages, *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date (indicate source and amount), estimated future medical expenses, lost earnings to date, and estimated future lost earnings, if equitable relief is sought, describe the nature of the relief.)*

Asimos seeks damages for breach of the agent-broker agreement entered into by both parties. Asimos is informed and believes that Thompson transacted business as an agent under Asimos' broker's license without disclosing such transactions to Asimos. Asimos asserts that Thompson owes commissions on all such undisclosed transactions.

☐  *(if more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request  ☑ a jury trial  ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☑  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
April 9-15 trial set; June 12-30 planned vacation; July 2-3 arbitration; August 20-24 trial set.

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☑  days *(specify number):* 3
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☑ by the attorney or party listed in the caption  ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:                                    f.  Fax number:
e.  E-mail address:                                      g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)  For parties represented by counsel: Counsel  ☐ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has  ☐ has not reviewed the ADR information package identified in rule 3.221.
b.  **Referral to judicial arbitration or civil action mediation** (if available).
(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

Case: 11-13214   Doc# 69   Filed: 09/20/13   Entered: 09/20/13 08:58:05   Page 11 of 41

CM-110

| PLAINTIFF/PETITIONER: Jason Everett Thompson, et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Dean Asimos, et al | CGC-11-514980 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☑ | ☑ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☑ | ☑ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]                    **CASE MANAGEMENT STATEMENT**                    Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: Jason Everett Thompson, et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Dean Asimos, et al | CGC-11-514980 |

**11. Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 13a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Asimos | written interrogatories | 4/20/12 |
| Asimos | request for documents | 4/20/12 |

    c. ☑ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*
    A dispute has arisen regarding the corporate bank records of Wired Real Estate Group, Inc. Asimos is entitled to review such business records to verify the transactions made by Thompson under Asimos' broker's license during the period of agency, however Thompson has refused and continues to refuse to produce such records. During meet and confer with opposing counsel I was told that we would need to file a motion to compel such production.

Case: 11-13214   Doc# 69   Filed: 09/20/13   Entered: 09/20/13 08:58:05   Page 13 of 41

**CM-110**

| PLAINTIFF/PETITIONER: Jason Everett Thompson, et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Dean Asimos, et al | CGC-11-514980 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 2/15/12

Jessica R. Barsotti
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

# EXHIBIT C

C. Todd Norris, SBN 181337
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701
E-Mail: todd.norris@bullivant.com

Attorneys for Plaintiffs/Cross-Defendants
JASON EVERETT THOMPSON and WIRED REAL
ESTATE GROUP, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JASON EVERETT THOMPSON and WIRED REAL ESTATE GROUP, INC., | Case No.: CGC-11-514980 |
| Plaintiffs, | **PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DEAN GREGORY ASIMOS, DBA DRAKE REALTY (SET ONE)** |
| v. | |
| DEAN GREGORY ASIMOS, dba DRAKE REALTY, | |
| Defendant. | |
| AND RELATED CROSS-ACTION. | |

PROPOUNDING PARTIES:  Plaintiffs JASON EVERETT THOMPSON and WIRED REAL
ESTATE GROUP, INC.

RESPONDING PARTY:  Defendant DEAN GREGORY ASIMOS, dba DRAKE REALTY

SET NO.:  ONE

## DEFINITIONS

A.  Unless a contrary meaning clearly appears in the context, the following

definitions shall apply to these requests:

   1.  "PERSON(S)" shall mean a natural person, firm, association,

organization, partnership, business trust, corporation, or public entity.

   2.  As used herein, the words "DOCUMENT(S)" or "WRITING(S)" means

13682180.1                                  – 1 –

any writing as defined in California Evidence Code § 250, and includes but is not limited to the original or a copy of electronic transmissions, handwriting, typewriting, printing, photostating, photographing, and every other means of records upon any tangible thing and form of communicating or representation, including electronic transmissions, emails, electronic documents, letters, words, pictures, sounds or symbols, or a combination thereof.

        3.     "Communicate" and "communications" mean and include any meeting, conference, face-to-face conversation, telephone conversation, or conference or communication used by any media, as well as any written, taped, or recorded communication of any kind whatsoever.

        4.     A document "RELATING TO" or "RELATED TO" a given subject matter means any document that constitutes, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, or is in any way pertinent to that subject.

        5.     "ADDRESS" means the street address, including the city, state, and zip code.

        6.  "You," "Defendant" and "Drake Realty," as used herein, shall mean and refer to Dean Asimos, an individual, including "Dean Asimos dba Drake Realty"

        7.  "Plaintiffs" shall mean and refer to "Everett Thompson" and "The Wired Real Estate Group."

        8.  "The RELEVANT TIME PERIOD" shall mean June 4, 2008 through the present.

        9.  "DATA CENTER" shall mean any facility, or part thereof, used principally for purposes of housing computer systems and associated components, such as telecommunications and storage systems.

## REQUEST FOR PRODUCTION NO. 1:

All documents reflecting any communications received via your LinkedIn account during the period of time that you represented yourself on LinkedIn to be "Current[ly]" with the Wired Real Estate Group (including, but not necessarily limited to, the time period of June 4,

2008 to February 12, 2012).

**REQUEST FOR PRODUCTION NO. 2:**

All documents reflecting communications with past or current employees of Bear Data.

**REQUEST FOR PRODUCTION NO. 3:**

All documents reflecting communications with past or current employees of Cadence Design Systems.

**REQUEST FOR PRODUCTION NO. 4:**

One exemplar of each business card you distributed to any person or otherwise used at any time during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce one exemplar of all marketing materials (including, advertisements, directory listings, brochures, or the like) distributed during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 6:**

All written agreements in your possession that reference, reflect, relate to or contain the phrase "Wired Real Estate" and/or "WREG," regardless of the dates of the agreements or the parties to the agreements.

**REQUEST FOR PRODUCTION NO. 7:**

All documents in your possession that reference, reflect, relate to or contain the phrase "Wired Real Estate" and/or "WREG," regardless of the date created, including but not limited to, all marketing materials, all correspondence, all financial and/or accounting records, all agreements, all notes, all emails, all electronic files, all spreadsheets, and all business records of any kind.

**REQUEST FOR PRODUCTION NO. 8:**

All documents reflecting, referring or relating to any real estate commissions you earned from January 2010 to the present.

**REQUEST FOR PRODUCTION NO. 9:**

All documents referring or relating in any way to your use of the mark "Wired Real Estate" (herein and hereinafter including but not limited to, "WiredRE," "WREG," or any

13682180.1

— 3 —

similar variation thereon) in commerce (including, but not limited to, your first use of the mark in commerce).

**REQUEST FOR PRODUCTION NO. 10:**

All documents related to any attempts by you to register the mark "Wired Real Estate".

**REQUEST FOR PRODUCTION NO. 11:**

All documents that in any way support your claim against Everett Thompson for breach of contract.

**REQUEST FOR PRODUCTION NO. 12:**

All documents that in any way support your claim against Everett Thompson for "fraud and concealment."

**REQUEST FOR PRODUCTION NO. 13:**

All documents that in any way support your claim against Everett Thompson for breach of the implied covenant of good faith and fair dealing.

**REQUEST FOR PRODUCTION NO. 14:**

All documents that in any way support your claim against Everett Thompson for an accounting.

**REQUEST FOR PRODUCTION NO. 15:**

All documents that in any way support your contention that you are entitled to a constructive trust as a remedy in this action.

**REQUEST FOR PRODUCTION NO. 16:**

If you contend that you conceived of the idea to use the mark "Wired Real Estate" before Everett Thompson conceived of such idea, please produce all documents that support your contention.

**REQUEST FOR PRODUCTION NO. 17:**

All documents that support the allegations contained in paragraph 14 of the cross-complaint.

**REQUEST FOR PRODUCTION NO. 18:**

All documents that support your contention that either plaintiff is required to turn over

their private or confidential business records for your review.

**REQUEST FOR PRODUCTION NO. 19:**

All documents that support the contentions made by you in paragraph 15 of your cross-complaint.

**REQUEST FOR PRODUCTION NO. 20:**

All documents that support the allegations made in paragraphs 16, 18 and 25 of your cross-complaint.

**REQUEST FOR PRODUCTION NO. 21:**

All documents that support any of your claims for damages asserted in your cross-complaint.

**REQUEST FOR PRODUCTION NO. 22:**

All documents that support your contention that you were or are authorized to use the mark "Wired Real Estate" as alleged in paragraph 45 of your cross-complaint.

**REQUEST FOR PRODUCTION NO. 23:**

All documents that support your contention that plaintiff Thompson collected commissions on relevant "real estate transactions" for which you did not receive the portion of the commission you were entitled to receive under your agreement(s) with Thompson.

**REQUEST FOR PRODUCTION NO. 24:**

All documents reflecting, referencing or relating to any domain names (including but not limited to, registrations thereof) that contain, in whole or in part, "WiredRealEstate" or any similar variation thereof, including but not limited to "WiredRE," "WREG," or the like.

**REQUEST FOR PRODUCTION NO. 25:**

All documents reflecting, referring or relating in any way to any agreements (whether oral or written) with Everett Thompson.

**REQUEST FOR PRODUCTION NO. 26:**

All documents reflecting, referring or relating in any way to any agreements (whether oral or written) with plaintiff Wired Real Estate Group.

**REQUEST FOR PRODUCTION NO. 27:**

All documents reflecting, referring or relating in any way to any agreements with Everett Thompson.

**REQUEST FOR PRODUCTION NO. 28:**

All documents reflecting, referring or relating in any way to any vendors that provided you with marketing services during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 29:**

All documents reflecting, referring or relating in any way to any clients or potential clients with which you discussed potential real estate transactions related to data centers during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 30:**

All documents reflecting, referring or relating in any way to your association with Wired Real Estate Group.

**REQUEST FOR PRODUCTION NO. 31:**

All documents reflecting, referring or relating in any way to any real estate commissions you earned related to any data centers.

**REQUEST FOR PRODUCTION NO. 32:**

All documents reflecting, referring or relating in any way to any PERSON who contacted you during the "RELEVANT TIME PERIOD" to inquire about real estate services related to DATA CENTER(S).

**REQUEST FOR PRODUCTION NO. 33:**

All documents reflecting, referring or relating in any way to any PERSON who has provided you with financial or accounting services of any kind from January 2010 to the present.

**REQUEST FOR PRODUCTION NO. 34:**

All documents reflecting, referring or relating in any way to any material misrepresentations that you contend Everett Thompson has made to you.

**REQUEST FOR PRODUCTION NO. 35:**

All documents reflecting, referring or relating in any way to any material facts that you

contend Everett Thompson concealed from you with respect to the claims asserted in your cross-complaint.

**REQUEST FOR PRODUCTION NO. 36:**

All documents reflecting, referring or relating in any way to your contention that Wired Real Estate Group is liable to you on any of the claims asserted in your cross-complaint.

**REQUEST FOR PRODUCTION NO. 37:**

All documents reflecting, referring or relating in any way to any material facts that you contend Everett Thompson concealed from you with respect to the claims asserted in your cross-complaint.

**REQUEST FOR PRODUCTION NO. 38:**

All documents supporting your contention that you are entitled to recover any attorneys fees in this action.

**REQUEST FOR PRODUCTION NO. 39:**

All documents supporting your contention that plaintiff Everett Thompson did not disclose to you the fact that he was pursing a transaction with Astound prior to winter of 2008-2009.

**REQUEST FOR PRODUCTION NO. 40:**

All documents reflecting, referring or relating in any way to the real estate transactions that you claim Everett Thompson concealed from you.

**REQUEST FOR PRODUCTION NO. 41:**

All documents reflecting, referring or relating in any way to any damages you have sustained as a result of any of the matters alleged in your cross-complaint.

**REQUEST FOR PRODUCTION NO. 42:**

All documents reflecting, referring or relating in any way to the any authorization for you to use the mark "Wired Real Estate," or any similar variation thereof.

**REQUEST FOR PRODUCTION NO. 43:**

All emails reflecting, referring or relating in any way to any inquiries pertaining to the sale or lease of data centers.

Case: 11-13214   Doc# 69   Filed: 09/20/13   Entered: 09/20/13 08:58:05   Page 22 of 41

**REQUEST FOR PRODUCTION NO. 44:**

All documents (whether paper, email or other electronic document) that contain anywhere the phrase "Wired Real Estate Group."

**REQUEST FOR PRODUCTION NO. 45:**

All documents (whether paper, email or other electronic document) that contain anywhere the term "WiredRE."

**REQUEST FOR PRODUCTION NO. 46:**

All documents (whether paper, email or other electronic document) that contain anywhere the term "WREG."

**REQUEST FOR PRODUCTION NO. 47:**

All documents (whether paper, email or other electronic document) that evidence any real estate licenses you currently maintain.

**REQUEST FOR PRODUCTION NO. 48:**

All documents (whether paper, email or other electronic document) that are related in any way to your bankruptcy filing and that reference, reflect or refer to any way, Everett Thompson.

**REQUEST FOR PRODUCTION NO. 49:**

All documents (whether paper, email or other electronic document) that are related in any way to your bankruptcy filing and that reference, reflect or refer in any way to the Wired Real Estate Group.


DATED: February 29, 2012

BULLIVANT HOUSER BAILEY PC

By _____

    C. Todd Norris

Attorneys for Plaintiffs/Cross-Defendants
JASON EVERETT THOMPSON and WIRED
REAL ESTATE GROUP, INC.

*****

13682180.1

– 8 –

PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DEAN GREGORY ASIMOS, DBA DRAKE REALTY

# PROOF OF SERVICE

*Thompson, and Wired Real Estate Group, Inc. v. Asimos, dba Drake Realty*
San Francisco County Superior Court Case No. CGC-11-514980

    I am employed in the City and County of San Francisco by the law firm of Bullivant Houser Bailey, PC ("the business"), 601 California Street, Suite 1800, San Francisco, CA 94108. I am over the age of 18 and not a party to this action. On February 29, 2012, I served the document(s) entitled:

**PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DEAN GREGORY ASIMOS, DBA DRAKE REALTY**
**(SET ONE)**

upon the following party(ies):

Jessica R. Barsotti
Eugene Zinovyev
Attorneys at Law
5032 Woodminster Ln.
Oakland, CA 94602
Tel: 510-530-4078
Fax: 510-530-4725

Attorneys for Defendant/Cross-Complainant
DEAN GREGORY ASIMOS, dba DRAKE
REALTY

☒    BY CAUSING PERSONAL SERVICE: I placed the above document(s) in a sealed envelope(s). I caused such envelope(s) to be handled by our messenger service to be delivered by hand to the above address(es).

    I declare under penalty of perjury that the foregoing is true and correct. Executed on February 29, 2012, at San Francisco, California.

Daisy I. Broyles

*****

Case: 11-13214   Doc# 69   Filed: 09/20/13   Entered: 09/20/13 08:58:05   Page 24 of 41

C. TODD NORRIS, SBN 181337
BULLIVANT HOUSER BAILEY, PC
601 CALIFORNIA STREET, SUITE 1800
SAN FRANCISCO, CA 94108
Telephone No: 415-352-2700

Ref. No. or File No.:
35603-1

Attorney for: Plaintiff

Insert name of Court, and Judicial District and Branch Court:
Superior Court Of The State Of California, County Of San Francisco

Plaintiff: JASON EVERETT THOMPSON, et al
Defendant: DEAN GREGORY ASIMOS dba DRAKE REALTY

| PROOF OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number: |
|---|---|---|---|---|
| | | | | CGC-11-514980 |

For Court Use Only

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the PLAINTIFFS' REQUESTS FOR ADMISSION TO DEFENDANT DEAN GREGORY ASIMOS, DBA DRAKE REALTY (SET ONE); PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DEAN GREGORY ASIMOS, DBA DRAKE REALTY (SET ONE); FORM INTERROGATORIES-GENERAL; PLAINTIFFS' SPECIAL INTERROGATORIES TO DEFENDANT DEAN GREGORY ASIMOS, DBA DRAKE REALTY (SET ONE).

3. a. Party served:  JESSICA R. BARSOTTI & EUGENE ZINOVYEV
   b. Person served:  A. HUEBS, FRONT DESK PERSON

4. Address where the party was served:  5032 WOODMINSTER LANE
                                        OAKLAND, CA 94602

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party on: Wed., Feb. 29, 2012 at: 2:30PM, to the person(s) indicated below in the manner as provided in 1011 CCP.

   A. HUEBS, FRONT DESK PERSON
   (1) (Business)  I informed him or her of the general nature of the papers.

7. Person Who Served Papers:                          Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JAVIER RIVERA

                                          d.  The Fee for Service was:

                                          e.  I am: Not a Registered California Process Server

   **First Legal**
   1138 Howard Street
   San Francisco, CA 94103
   Telephone    (415) 626-3111
   Fax          (415) 626-1331
   www.firstlegalnetwork.com

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: Thu, Jul. 26, 2012

Judicial Council Form                    PROOF OF SERVICE                    (JAVIER RIVERA)
Rule 2.150.(a)&(b) Rev January 1, 2007                                       6768652  .bulho-sf.465621

# EXHIBIT D

Jessica R. Barsotti Esq. / SBN 209557
Eugene Zinovyev, Esq/ SBN 267245
5032 Woodminster Lane
Oakland, CA 94602
510.530.4078
510.530.4725 / FAX

Attorneys for Defendant/Cross-Complainant,
Dean Asimos and Drake Realty

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| **JASON EVERETT THOMPSON and WIRED REAL ESTATE GROUP, INC.** | Case No.: CGC-11-514980 |
| Plaintiffs, | **CROSS COMPLAINT** |
| vs. | 1) **Breach of Contract** |
| | 2) **Breach of Good Faith and Fair Dealing** |
| | 3) **Accounting** |
| | 4) **Fraud and Concealment** |
| **DEAN GREGORY ASIMOS, DBA DRAKE REALTY** | 5) **Constructive Trust** |
| Defendant. | Assigned for all purposes to: Department: 610 |
| **DEAN GREGORY ASIMOS, DBA DRAKE REALTY** | |
| Cross-Complainant, | |
| vs. | |
| **JASON EVERETT THOMPSON and WIRED REAL ESTATE GROUP, INC.** and DOES 1 through 50. | |
| Cross-Defendants. | |

Cross-Complainant, DEAN GREGORY ASIMOS, DBA DRAK REALTY ("Cross-

CROSS-COMPLAINT

Asimos v. Thompson                                    1

Complainant" or "ASIMOS"), brings this action against JASON EVERETT THOMPSON (hereinafter "THIMPSON") and Does 1-100 (collectively "Cross-Defendants"), and alleges:

### INTRODUCTION

1.      Plaintiff brings this action for Defendants' breach of contract, Defendants' failure to provide an accounting per their agreement, fraud and concealment . . . .

2.      Although Cross-Complainant and Cross-Defendants entered into an express written Independent Contractor agreement and Cross-Complainant fulfilled all of his obligations, Plaintiff and Cross Defendant Thompson (hereinafter "Thompson") has failed to fulfill all of his obligations under the same Agreement. Asimos has not been fully compensated for the commissions due to him under the agreement

3.      Cross-Complainant does not know the true names and capacities, whether individuals, partners, or corporations, of the Cross-Defendants sued herein as DOES 1-100, inclusive, and for that reason sues said Cross-Defendants under fictitious names and prays leave to amend the complaint to insert said true names and capacities in the appropriate paragraphs herein, when Cross-Complainant ascertains said true names and capacities. Cross-Complainant is informed and believes and thereon alleges that said Cross-Defendants and each of them are responsible in whole or in part for Cross-Complainant's damages as alleged herein.

7.      At all relevant times, the Cross-Defendants, their employees, agents, successors, assigns and each of them participated in the doing of acts or authorized or ratified the doing of the acts hereinafter alleged to have been done by the named Cross-Defendants. Cross-Complainant is informed and believes and thereon alleges that Cross-Defendants and each of them are responsible for the damages suffered by Cross-Complainant and each of the defendants are the agent of the other defendants.

### FACTUAL ALLEGATIONS

11.     On Jun 4, 2008 ASIMOS and THOMPSON entered into an Independent Contractor Agreement between ASIMOS as real estate broker and THOMPSON as Associate Licensee. A true and correct copy of this agreement is attached hereto as **Exhibit A.** Under the

CROSS-COMPLAINT

Asimos v. Thompson               2

terms of the agreement THOMPSON was to pay to ASIMOS 20% of all THOMPSON'S transactions. Further all commissions generated by THOMPSON were to be paid through ASIMOS, as required by the department of real estate rules. The agreement expired on December 31, 2008. On January 1, 2009 THOMPSON and ASIMOS entered into a new agreement calling for an 85%/15% split of commissions, wherein ASIMOS would receive 15% of all commissions, including those for "service level agreements", generated by THOMPSON. The Second agreement is attached as **Exhibit B.** The second agreement was then modified by both parties by a March 16, 2010 amendment which is attached hereto as **Exhibit C.** All agreements between THOMPSON and ASIMOS were terminated in May 2010.

12. Throughout the length of the agreements ASIMOS would regularly inquire as to the status of any potential transactions. THOMPSON would respond by saying that he was working on many different transactions and would present ASIMOS with charts showing that progress of dozens of transactions with dozens of companies.

13. During the course of their approximately two-year contractual relationship THOMPSON only reported a few successful transactions. Some of the commissions from these transactions were paid to ASIMOS, who then paid THOMPSON his appropriate commission. However, there were other transactions that were completed wherein THOMPSON collected the commissions himself and then paid ASIMOS his purported percentage, in contradiction to both the written agreement between the parties and the California Department of Real Estate regulations.

14. In or about Winter 2008-2009 THOMPSON told ASIMOS that he felt "guilty" that he had not disclosed some prior transactions to ASIMOS and paid ASIMOS what he calculated to be ASIMOS' due commission. THOMPSON was therefore paid commissions from these transactions directly in direct breach of **Exhibits A and B** and in violation of the California Department of Real Estate regulations regarding brokers and agents.

15. In or about Winter 2008-2009, THOMPSON informed ASIMOS that he had completed a real estate transaction known as a Service Level Agreement to lease server space with a communications company called ASTOUND. Further THOMPSON informed ASIMOS

CROSS-COMPLAINT

Asimos v. Thompson                                   3

that ASTOUND refused to pay its due commission to ASIMOS and THOMPSON. THOMPSON went on to state that since the transaction was carried out under ASIMOS' broker's license that ASIMOS would need to be the plaintiff to file suit against ASTOUND to recover the due commission. This was the first time that ASIMOS had heard of any such transaction, despite asking THOMPSON for such updates.

16. ASIMOS alleges upon information and belief that THOMPSON completed many real estate transactions that he did not reveal to ASIMOS and had the commissions from such transactions paid directly to THOMPSON, without any share going to ASIMOS. Such actions are a direct breach of **Exhibits A and B.** Indeed, THOMPSON paid ASIMOS more than one commission check, in direct violation of **Exhibits A and B and** the California Department of Real Estate regulations.

17. ASIMOS further alleges on information and belief that THOMPSON had employees during the course of their contractual relationship that he failed to disclose to ASIMOS in direct violation of **Exhibits A and B.**

18. ASIMOS further alleges on information and belief that THOMPSON intentionally concealed transactions from ASIMOS for which ASIMOS is due commissions under their Exhibits A and/or B. Despite repeated inquiries, THOMPSON has never provided an accounting of the transactions that he completed during the term of Exhibits A and B, nor has THOMPSON provided ASIMOS access to the Wired Real Estate bank account that THOMPSON created after entering into Exhibit A with ASIMOS.

19. Prior to entering into Exhibit A with ASIMOS, wherein the name Wired Real Estate Group, was to be attributed to Drake Realty and ASIMOS, THOMPSON had never registered the service mark "Wired Real Estate Group" (hereinafter "SM WREG"). SM WREG had never been advertised, marketed, nor acquired a secondary meaning, prior to THOMPSON entering into Exhibit A with Asimos, and therefore is entitled to no protection under the federal trademark statutes.

//

//

CROSS-COMPLAINT

Asimos v. Thompson                                                    4

## FIRST CAUSE OF ACTION
### (Breach of Contract by Asimos Against Thompson)

20.     ASIMOS incorporates by reference as if fully set forth in this cause of action the allegations in Paragraphs 1 through 19 above.

21.     ASIMOS and THOMPSON entered into the agreements attached hereto as Exhibits A, B, and C respectively, and incorporated by reference herein, on the dates therein mentioned.

22.     ASIMOS has performed all of his covenants and obligations under those Exhibits A, B and C.

23.     THOMPSON has failed to perform all of the required covenants and obligations to be undertaken by him under Exhibits A, B and C.

24.     THOMPSON has collected commissions for transactions falling within the tenor of Exhibits A, B and C, and failed to disclose such transactions to ASIMOS, in violation of the express terms of such Agreements.

25.     THOMPSON has entered into transactions with ASIMOS and/or DRAKE REALTY as the real estate broker of record and has failed to disclose those transactions to ASIMOS, in violation of the express terms of Exhibits A and/or B and/or C.

26.     THOMPSON has hired employees to work for him using ASIMOS and/or DRAKE REALTY as the real estate broker of record and has failed to disclose such employees to ASIMOS, in violation of the express terms of Exhibits A and/or B and/or C.

CROSS-COMPLAINT

Asimos v. Thompson                                   5

27.    Due to THOMPSON'S actions as described herein, ASIMOS has been damaged in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### (Breach of Good Faith and Fair Dealing by Asimos Against Thompson)

28.    ASIMOS incorporates by reference as if fully set forth in this cause of action the allegations in Paragraphs 1 through 27 above.

29.    Every contract in the state of California contains an implied covenant of good faith and fair dealing, wherein the parties to the contract agree to act in good faith in execution of their contractual obligations.

30.    By failing to disclose transactions made by THOMPSON in the name of ASIMOS and/or Drake Realty to Asimos, failing to submit payment on such transaction to ASIMOS in order for THOMPSON to receive his proper percentage of commissions from ASIMOS in accordance with their Agreements, and by failing to disclose employees of THOMPSON during the course of the terms of Exhibits A, B and C, THOMPSON breached the covenant of good faith and fair dealing with ASIMOS causing ASIMOS harm in an amount to be proven at trial.

WHEREFORE, ASIMOS prays for relief as set forth below.

## THIRD CAUSE OF ACTION
### (Accounting by Asimos Against Thompson)

31.    ASIMOS incorporates by reference as if fully set forth in this cause of action the allegations in Paragraphs 1 through 30 above.

32. Upon entering into Exhibits A, B and C, THOMPSON and ASIMOS gained a common interest in commissions on transactions within the scope of such Agreements. Because of such common interest, ASIMOS is entitled to an accounting of activities conducted by THOMPSON under such agreements.

33. In the course of the contractual agreements between ASIMOS and THOMPSON, THOMPSON recieved money and/or other things of value in which ASIMOS had an ownership or other pecuniary interest. THOMPSON, as a real estate agent working under ASIMOS as a broker, owed a duty to account in detail to ASIMOS of all specifics of these transactions and to turn over any monies collected during the course of their relationship to ASIMOS, the broker of record, for payment of commissions.

34. Despite repeated inquiries and attempts by ASIMOS to obtain an accounting of THOMPSON's activities, THOMPSON has refused AND CONTINUES TO REFUSE any accounting of his activities as an agent under ASIMOS as a real estate broker.

35. ASIMOS is entitled to a true and accurate accounting of the activities of THOMPSON during the course of their contractual relationship.

36. Due to THOMPSON'S failure to provide an accounting detailing his activities and transactions during the course of his contractual relationship with ASIMOS, ASIMOS has been damaged in an amount to be proven at trial.

WHEREFORE, ASIMOS prays for relief as set forth below.

//

CROSS-COMPLAINT

Asimos v. Thompson                              7

## FOURTH CAUSE OF ACTION
### (Fraud and Concealment by Asimos Against Thompson)

37.     ASIMOS incorporates by reference as if fully set forth in this cause of action the allegations in Paragraphs 1 through 36 above.

38.     During the course of their nearly two-year contractual relationship, THOMPSON fraudulently concealed relevant information from ASIMOS, with the intent to defraud ASIMOS.

39.     In or about Winter 2008-2009 when ASIMOS asked THOMPSON about pending transactions or completed transactions, and THOMPSON stated that nothing had been finalized, he intentionally concealed the ASTOUND transaction and possibly others.

40.     When THOMPSON admitted to ASIMOS in or about Winter 2008-2009 that he felt "guilty" for "not disclosing transactions" to him for which he was owed a commission, ASIMOS first learned that THOMPSON had completed transactions for which ASIMOS was owed a commission without his knowledge.

41.     When THOMPSON presented ASIMOS with a commission check in the amount of $80.00 for a purportedly completed transaction in or about Winter 2008-2009, ASIMOS became aware that THOMPSON had been doing business under his broker's license without his knowledge, but still, in good faith, believed that THOMPSON had disclosed all of his transactions.

42.     Despite THOMPSON's revelations that he had concealed certain transaction, ASIMOS was unaware of the extent of THOMPSON's fraud and concealment until he was approached to be the sole Plaintiff in the action against ASTOUND for owed commissions. At

that time ASIMOs became suspicious that THOMPSON had concealed other transactions from him.

43.     In addition, THOMPSON's payment of a commission check TO ASIMOS, the broker of record, is in violation of not only Exhibits A, B and C, but also a direct violation of the California Department of Real Estate regulations regarding commissions. The agent should never pay the broker, all commissions must go through the broker and be paid by the broker to the agent.

44.     Due to THOMPSON'S repeated refusals to provide access to ASIMOS to the WREG bank account that he maintained during his contractual relationship with him, ASIMOS is still unaware of all the instances of fraud and concealment perpetrated by THOMPSON during the course of their contractual relationship.

45. Due to THOMPSON'S intentional fraud and concealment of transactions completed by him while acting as an agent of ASIMOS, and after assigning the use of the name WREG to ASIMOS, ASIMOS has been damaged in an amount to be proven at trial.

WHEREFORE, ASIMOS prays for relief as set forth below.


### FIFTH CAUSE OF ACTION
**(Constructive Trust by Asimos against Thompson)**

46.     ASIMOS incorporates by reference as if fully set forth in this cause of action the allegations in Paragraphs 1 through 45 above.

CROSS-COMPLAINT

Asimos v. Thompson                                    9

47.     Because of THOMPSON'S alleged wrongful conduct, including but not limited to Defendant's breach of contractual duties owed to Plaintiffs, negligent and/or fraudulent concealments made to ASIMOS, failure or refusal to account to ASIMOS for the money, and/or transactions completed in the name of ASIMOS and/or DRAKE REALTY, in contradiction to the terms of Exhibits A, B, and C, Thompson is an involuntary trustee, holding the money from any transactions under his agreement with ASIMOS, as described herein, as well as any interest or profits derived therefrom, for and on behalf of ASIMOS.

WHEREFORE, ASIMOS prays for relief as set forth below.

WHEREFORE, ASIMOS prays for the following relief:

## ON FIRST CAUSE OF ACTION
### (Breach of Contract by Asimos Against Thompson)

1. Compensatory damages according to proof;
2. Special Damages according to proof;
3. Attorney's fees as allowed by Exhibits A and B, attached hereto, according to proof;

## ON SECOND CAUSE OF ACTION
### (Breach of Good Faith and Fair Dealing by Asimos Against Thompson)

1. Compensatory damages according to proof;

2. Special damages according to proof;

## ON THIRD CAUSE OF ACTION

1. An accounting from Thompson of all money, and other items of value received by him, relating in any way to any of the transactions contemplated by Exhibits A, B or C, attached hereto.

CROSS-COMPLAINT

Asimos v. Thompson                    10

2.    Compensatory damages according to proof;

3.    Special damages according to proof;

## ON FOURTH CAUSE OF ACTION
**(Fraud and Concealment by Asimos Against Thompson)**

   1.   Compensatory damages according to proof;
   2.   Special damages according to proof;
   3.   Exemplary damages according to proof;

## ON FIFTH CAUSE OF ACTION
**(Constructive Trust by Plaintiffs Against Defendants Iain and Gillian Boal)**

1.    A declaration from this Court that Thompson holds in trust for ASIMOS all money and

other items of value received by Thompson, relating in any way to any of the transactions

contemplated by Exhibits A, B or C, attached hereto.;

2.    Compensatory damages according to proof;

3.    Special damages according to proof;

## ON ALL CAUSES OF ACTION

1.    Plaintiff's costs of action incurred;

2.    Such other and further relief as the Court deems proper.

Date:   November 30, 2011

                         _____
                         Eugene Zinovyev, Esq.
                         Attorney for Defendant and Cross-Complainant,
                         DEAN G. ASIMOS dba Drake Realty

CROSS-COMPLAINT

Asimos v. Thompson                   11

# EXHIBIT E

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

HONORABLE WALLACE P. DOUGLASS, JUDGE PRESIDING

DEPARTMENT 303

---oOo---

JASON EVERETT THOMPSON,              )
                                     )
            Plaintiff,               )
                                     )
        v.                           )     No. CGC-11-514980
                                     )
DEAN GREGORY ASIMOS,                 )
                                     )
            Defendant.               )
                                     )
                                     )

REPORTER'S TRANSCRIPT of PROCEEDINGS

---oOo---

Monday, October 15, 2012

---oOo---

A P P E A R A N C E S:

For Plaintiffs:     C. TODD NORRIS, Esq.
                    Bullivant Houser Bailey PC
                    601 California Street, Suite 1800
                    San Francisco, California 94108
                    (415) 352-2700

For Defendant:      JESSICA R. BARSOTTI, Esq.
                    Law Office of Jessica R. Barsotti
                    5032 Woodminster Lane
                    Oakland, California 94602
                    (510) 530-4078

 Reported By:  ERIC L. THRONE, CSR No. 7855, RPR, RMR, CRR

1

```
 1              THE CLERK:  I'm unable to print it right now.

 2              MR. NORRIS:  Okay.  We'll see, maybe after a

 3     break, we can read it at that time.

 4         Q.   Let me try it a different way.  Mr. Asimos, do

 5     you recall providing me with copies of your insurance

 6     application?

 7         A.   Are you referring to errors and omissions

 8     insurance?

 9         Q.   Yes.

10         A.   I believe I provided it.

11         Q.   Yeah.

12              And do you recall that you had represented on

13     your insurance application that your income for 2010 was

14     $135,000?

15         A.   That may have been for gross revenue.

16         Q.   And then for 2011, you represented that it was

17     $125,000; correct?

18         A.   Correct.  Gross revenue.

19         Q.   And your testimony is your income listed on

20     page 27 of the bankruptcy petition is not gross?

21         A.   Absolutely.  It's based on tax returns that I had

22     to provide to my attorney who provided it to the Court.

23         Q.   Would you please read for us the first line of

24     that section where it says state gross income?

25         A.   Page 16?
```

**US Legal Support**
**888-575-3376**

1    Q.   Yes.  Or, no.  I'm sorry.

2         Page 27 of your bankruptcy petition.  It says

3    income from employment or operation of business.

4    A.   Okay.  I'm on page 27.

5    Q.   And down where it says income from employment or

6    operation of business.  Do you see where it says, state the

7    gross amount of income?

8    A.   State the gross amount of income, correct.

9    Q.   Now is it your testimony that when petitioning

10   for bankruptcy you define gross income differently than you

11   define it when you are applying for insurance?

12        MS. BARSOTTI:   Objection.  Calls for a legal

13   conclusion.

14        THE COURT:   Overruled.  The witness can answer.

15        THE WITNESS:   It may have been an oversight on my

16   part, if in fact I provided that, because I was providing

17   what I thought was net income, which was required by my

18   attorney when I filled this out and I provided tax returns.

19        So that is the income that I put down.

20   MR. NORRIS:

21   Q.   You understood that your bankruptcy petition was

22   signed under oath; correct?

23   A.   Correct.

24   Q.   Did you ever provide written instructions to

25   Mr. Gutierrez to disburse 85 percent of the Astound money to

                                                          23

Case: 11-13214    Doc# 69    Filed: 09/20/13    Entered: 09/20/13 08:58:05    Page 41 of 41